THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | | |
|---|---|---|---|
| **CARL DAVID RICHARDSON,** | : | | |
| Petitioner, | : | CASE NO. | **3:07-CV-90016 (CAR)** |
| | : | | 28 U.S.C. § 2255 |
| v. | : | | |
| | : | CASE NO. | **3:05-CR-19 (CAR)** |
| **UNITED STATES OF AMERICA,** | : | | |
| Respondent. | : | | |

### *ORDER ON THE UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION*

Before the Court is the United States Magistrate Judge's Recommendation [Doc. 88] that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence [Doc. 61] filed pursuant to 28 U.S.C. § 2255 be granted and that this Court reconsider Petitioner's sentence.  In his Recommendation, the Magistrate Judge found that Petitioner's plea counsel failed to advise this Court of Petitioner's mental health issues, request a pre-sentencing psychological examination of Petitioner, or otherwise argue that those issues and his lack of medication therefor be taken into consideration in his sentencing.  The Judge further concluded that this failure by counsel may have resulted in Petitioner's sentence being doubled.

The critical fact is that Petitioner failed to appear for his sentencing.  This resulted in a revision of Petitioner's PSI and this Court finding that Petitioner was not entitled to a 3-point downward departure under §3E1.1 for acceptance of responsibility and that Petitioner was subject to a 2-point upward departure under §3C1.1 for obstruction of justice.  The adjustments increased

the maximum guideline range from 60 to 120 months, and Petitioner was ultimately sentenced to 115 months imprisonment. Both of these adjustments, however, required that the Court consider Petitioner's mental state, and the up-ward departure for obstruction of justice specifically required a finding that Petitioner's obstruction was willful.

In the hearing before the Magistrate Judge, Petitioner was able to show that he suffered from a number of mental disorders for which he should have been taking anti-psychotic medication, that he was not taking such medication, and that, but for these disorders, he likely would have appeared at his sentencing as scheduled. A psychiatric evaluation ordered by the Magistrate Judge confirmed Petitioner's claims of mental disorder. The Record also showed that information about Petitioner's prior diagnosis of mental disorder was available to Petitioner's counsel at the time of his non-appearance and subsequent sentencing, but it was never brought to the attention of the Court and no psychiatric evaluation was ever requested. The United States Magistrate Judge found Petitioner's arguments persuasive and concluded that Petitioner's sentence should be re-visited by this Court.

The Government filed a timely Objection [Doc. 90] to the Magistrate Judge's Recommendation, and Petitioner filed a Response thereto [Doc. 92]. In its Objection, the Government maintains that this Court could have imposed an equally sever sentence even in light of Petitioner's mental health disorders. The Government further notes, however, that this Court is "best equipped to decide whether based on the records as a whole, [Petitioner] has carried his burden to show that he was prejudiced by the failure to conduct a psychological examination prior to sentencing." Thus, in the alternative, the Government requests that the Court grant Petitioner's current motion and conduct a new sentencing hearing sometime after the time for appeal of the civil judgment has expired and no appeal is pending.

Because this Court clearly did not have access to relevant information concerning

Petitioner's mental disorder and any relationship it may have had with his non-appearance at the time of his sentencing, the Court agrees with the Magistrate Judge that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence should be **GRANTED**. To that extent, the United State's Magistrate Judge's Recommendation is **ADOPTED** and **MADE THE ORDER OF THE COURT**.

Accordingly, Petitioner's sentence will be reconsidered, and as requested by the Government, a new sentencing hearing will be conducted. Therein, Petitioner will have the full benefit of new counsel. It is further **ORDERED** that a new Presentence Investigation Report be issued, one that takes into account the hearing record and the forensic evaluation report. The Probation Office is likewise **DIRECTED** to review and consider the new factual information that has been developed through the proceedings before the Magistrate Judge. Petitioner's new counsel and the Government will both have a full opportunity to assert any objections thereafter.

**SO ORDERED**, this 20th day of January, 2009.

S/ C. Ashley Royal
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE

jlr